UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 6:09-cr-108-ACC-GJK

GARRY S. MARTIN

## ORDER

This cause comes before the Court on Defendant Garry S. Martin's Motion to Proceed In Forma Pauperis (Doc. 141) on his appeal of the Court's Order denying his motion for compassionate release. Docs. 138, 139.

The United States Magistrate Judge has submitted a report recommending denial of the Motion because the Defendant fails to demonstrate that "the appeal is taken in good faith." (Doc. 143). Defendant filed his Objection to the Magistrate Judge's Report and Recommendation on January 19, 2021 (Doc. 144).

Federal Rule of Appellate Procedure 24(a)(3) states:

A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

(A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or

(B) a statute provides otherwise.

*See also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.").

The Magistrate Judge found that Defendant failed "to state the issues he [was] appealing, much less demonstrate that they [were] non-frivolous."(Doc. 143 at 2 (citing Doc. 139, 141)). Defendant's Notice of Appeal, in a single sentence, states that he is appealing the Court's decision. (Doc. 139). In his Motion to Proceed *In Forma Pauperis*, he states simply that he was "denied of [sic] the 18 U.S.C. Section 3582 et seq. for Compassionate Release" even though there are a dozen blank lines he could have used to explain the basis of his appeal. (Doc. 141 at 1).

Defendant sought compassionate release from his incarceration due to the risk of contracting COVID-19 (Doc. 138 (citing 131 at 9)). The Court denied a reduction in his sentence because Defendant's medical conditions did not amount to "an extraordinary condition" and it was not warranted based on the nature of his offense, his history and characteristics, and it was outweighed by the need to protect the public. (Doc. 138).

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a term of imprisonment may be modified only in limited circumstances: (1) upon motion of the Director of the Bureau of Prisons ("BOP"), or (2) upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf or after 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. To warrant a reduction of

his sentence, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The Court found that, in the present case, Defendant had exhausted his administrative remedies. (Doc. 131, Ex. A). Therefore, the Court considered whether Defendant had presented extraordinary and compelling reasons warranting compassionate release.

The "extraordinary and compelling" requirement is met where a defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n. 1(A). Defendant contended that he suffers from hypertension, severe obesity due to a body mass index of 41, and high cholesterol (Doc. 131 at 21). The Government recognized that severe obesity, or a body mass index over 40, is a risk factor in contracting COVID-19 (Doc. 134 at 3-4).

The Court noted that other courts in the Middle District of Florida have noted that certain underlying conditions increase the risk of serious illness from COVID-19, including obesity. *See United States v. Broomfield*, No. 3:14-CR-156-J-32PDB, 2020 WL 6704005, at *1 (M.D. Fla. Nov. 13, 2020). However, courts have also held that obesity and hypertension are not "extraordinary" conditions because more than 40% of adults in the United States suffer from these conditions. *See id.; United States*

*v. Hayes*, No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at *2 (M.D. Fla. July 2, 2020) (internal citations and footnotes omitted). The Court concluded that there was no evidence that any of Defendant's conditions impaired his ability to function or that they posed an imminent risk to his health. *See Broomfield*, 2020 WL 6704005, at *2.

The Court also noted that even if it had determined that Defendant's medical conditions amounted to an extraordinary condition that posed an imminent risk to his health, the Court retained discretion over whether to grant relief. A federal court must deny release unless it determines that a defendant is "not a danger to the safety of any other person or to the community." USSG §1B1.13(2). Additionally, this Court must consider the § 3553(a) factors. In this case, the Court held, upon careful consideration of the factors, that the nature of Defendants' offense, his history and characteristics, and the need to protect the public weighed against reducing Defendant's sentence to time served. Defendant was serving a term of supervised release for a mortgage fraud conviction stemming from the Eastern District of New York when he was arrested in this case. *See* Case Number 6:08-cr-219-Orl-22GJK. Defendant entered a guilty plea to conspiracy to commit money laundering in this case, and it was alleged that he had defrauded approximately twenty-seven individuals or institutions, most of whom were elderly people over the age of 63 or those who were facing foreclosure (Doc. 8). The Court sentenced Defendant to a 240-month term of imprisonment (Doc. 78), and Defendant still had approximately seven years left on his sentence.

In view of all the § 3553(a) factors, the Court held that reducing Defendant's sentence was not warranted. (Doc. 138 (citing *Broomfield*, 2020 WL 6704005, at *2 (noting that the defendant had seven years remaining of his sentence, and therefore, a sentence reduction was not warranted)).

In Defendant's Objections to the Magistrate Judge's Report and Recommendation (Doc. 144), he acknowledges that he failed to state the basis of his appeal in his filings before seeking leave to file the appeal in forma pauperis. He contends, however, in his Objection to the Report and Recommendation, that he is not operating in "bad faith" because the arguments in his Objection are "not frivolous." (Doc. 144).

However, Martin merely reiterates the arguments about his family circumstances that he had previously asserted in his Motion for Compassionate Release which the Court has already rejected. (Doc. 130 at 21, 23 (Defendant would reside with his mother if released; he is being deprived of the ability to see his family for periods of time due to Covid-19)). The Court exercised its discretion in denying Defendant's Motion and in finding that a reduction in Martin's sentence was not warranted based on "the nature of Defendants' offense, his history and characteristics," and the need to protect the public which weighed "against reducing Defendant's sentence to time served" with approximately seven years left on his sentence. *See* § 3553(a).

Thus, the appeal by Martin would not be taken in good faith under Federal Rule of Appellate Procedure 24(a) because Martin's appeal is not taken in good faith; thus, he is not entitled to proceed *in forma pauperis* and shall pay the full appellate filing fee as is required by 28 U.S.C. § 1915(a).

Based on the foregoing, it is ordered as follows:

1. The Motion to Proceed In Forma Pauperis (Doc. 141) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 4, 2021.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties